Good morning, your honors. May it please the court. Kim Boyle and Bobby Poundstone on behalf of Appellants American Traffic Solutions and City of Montgomery. This court has recognized that the Class Action Fairness Act has considerably expanded federal court jurisdiction over class actions in which there is minimum diversity jurisdiction as well as an aggregation of jurisdictions to finding subject matter jurisdiction are to be narrowly construed. Against this backdrop, this court should reverse the district court's remand order for two fundamental reasons. One, the district court erred in remanding this case because plaintiffs did not satisfy their burden of proving the local controversy exception under CAFA. Two, the district court erred in remanding this case because plaintiffs did not satisfy their burden of proving that the home state exception actually applied under the Class Action Fairness Act. In going to the first argument, your honors, in ruling that the local controversy exception applied, the district court failed to apply the correct legal standard, which is as follows. Whether or not the same or similar factual allegations were made in other class actions against the non-form defendant, which in this case would be ATS. Instead, the district court improperly applied a test of geographic and legal similarity. Specifically, despite the fact that the local controversy exception is to be narrowly applied and construed, the district court in its remand order proceeded to focus on the fact that this case, the Hunter case, involves a violation of Alabama state law, whereas the claims in the other cases which were cited and attached to the brief filed with the district court, i.e. Watson out of Texas, Leader out of New York, Goldberg and Parker out of Florida, were based on other state laws or on federal law. Excuse me, counsel. I'm sorry to interrupt. Yes, your honor. And I don't know how my colleagues feel. They may want to hear more about this. But for me personally, I agree with you on this issue. Thank you, your honor. But where I think you might, where you have a problem, at least with me, and I need for you to explain why it's not a concern, is on the home state exception. Yes, your honor. I'd be happy to address that. We believe that the district court erred and erroneously concluded that the home state exception applied here by finding that ATS is not a primary defendant. We believe that the plaintiff's own allegations in the complaint in the amended complaint make it abundantly clear that ATS is a primary defendant, along with the city of Montgomery, and that there is no such test as outlined in the city committee report, as well as relevant jurisprudence, that you only focus upon the fact that city of Montgomery is somehow, quote unquote, more culpable than ATS. Well, not necessarily culpability. It's relief requested, is it not? I mean, isn't that what the Senate report talks about? Well, actually, your honor, the Senate report focuses on several things. Those defendants who are the real targets of the lawsuit, the defendant that would be expected to incur most of the loss if liability is found, who have substantial exposure to significant portions of the proposed class, etc. Any defendant liable to the vast majority of the members? Yes. Money, money, money, relief, relief, relief. And there's no money, judgment, or refund sought from traffic solutions, is there? Well, first of all, there's no money sought by virtue of a refund, your honor. However, attorneys fees and calls are sought by both defendants. That's true in every case. So everybody would be a primary defendant, would it not? Well, I don't know that that's the case, that everyone would be a primary defendant. However, your honor, the substantial exposure to significant portions of the proposed class under the Senate Judiciary Committee report, as well as liability to the vast majority of the members of the class, also stated under the report, can also focus on injunctive relief, as well as the declaratory relief. I don't understand that. They're talking about the real targets, the lawsuit, the defense who would be expected to incur most of the loss if liability is found. Well, that's what they say. That doesn't say would incur most of the injunctive relief. Well, your honor, if there is an injunction in place, and in fact, the plaintiff's allegations specifically make reference to the fact that both defendants, ATS, as well as the city of Montgomery, are quote, unquote, reaping the benefits from the alleged improper installation of the yellow, the short level light intervals, et cetera. And they talk about a cash cow. And they said that they do not plan to seek money damages from ATS at the present time. We don't know what the substantial exposure is. However, the district courts that have looked at this issue as to who or who is not a primary defendant also look specifically at the fact as to whether or not a defendant has been sued directly, i.e. that that defendant is not vicariously sued or that defendant is not sued on a secondary basis. You think Watson was wrongly decided? Yes, your honor. But I think the primary difference in Watson relates to the fact, and in fact, the Fifth Circuit in Watson specifically referred to the fact that there were 58 defendants in that case. And the court specifically said that no one looking at that ruling and no one looking at the complaint in that case would say that all 58 defendants could be considered primary defendants as that term is either defined under the city committee judiciary report or under the relevant jurisprudence by various district courts across the United States. Here, we are only dealing with two primary defendants, ATS, whom by the plaintiff's own the cameras, maintained the cameras, operated the cameras. They are the ones that actually collect the fines, your honors. And based upon this specific statement in several of the district court cases, which is Moreno. They're not the ones who determined whether a fine is imposed. They're not. They have officers there doing that. They did that because it would look bad if you contracted out to civilians the decision about whether somebody violated the law. Aren't there police officers? Doesn't Traffic Solutions take the videos to the cops and the cops decide whether the front two tires are over the line when the light changes? Well, your honor, that actually is not what the plaintiffs allege. The plaintiffs actually allege in this suit, similar to Goldberg and Parker. I know you're not focused on local controversy. They actually allege that the city of Montgomery has improperly delegated police powers. I know, but they don't allege that the city of Montgomery has delegated to ATS the decision of whether somebody ran a red light or not, do they? No, they do not allege that, your honor. That decision is made by the city of Montgomery police officers reviewing the video. That determination is made by review of the video that's picked up by virtue of the equipment  And the city gets the bulk of the money, not all of it. You see the 20% they gave to ATS. I don't know how much it is now, but the city gets the bulk of the money and the city is the one being asked in the relief section to do the refund. The city is the one... So it would be fair to say, if we can make such distinctions, that the city is the more primary defendant than ATS, would it not? I think that a determination could be made that the city may have more culpability based on the fact that monetary damages are being sought by the city. They got more skin in the game, so to speak. They may have more sin in the game, your honor, but I do not believe that that undercuts an assertion that ATS is still a primary defendant in and of itself. Yeah, we can't have 50, but we can have two, right? Well, yes, your honor, I do think that the fact that there were 58 in the Watson case versus two in this case does make some distinction. The Fifth Circuit specifically referred to the fact that there were a substantial number of defendants and all 58 of those defendants could not constitute or be deemed to be a primary defendant for purposes here. And I think it's important, your honors, to look at paragraph 16 of the plaintiff's amended complaint where they specifically allege that a client should be certified because defendants have acted or refused to act on grounds generally applicable to the classes. All of the allegations in the plaintiff's complaint relate to both defendants with the exception of one allegation where they are seeking monetary damages only from the city of Montgomery. I do not believe that the Senate Committee Judiciary Report, nor do I believe that the district court cases that have considered this issue of primary defendant makes clear that you have to undercut the fact that ATS is a primary defendant and, in fact, more over, your honors, in light of the fact that the relevant jurisprudence specifically holds that any doubts, any doubts concerning the application of one of the exceptions are to be resolved in favor of finding federal court jurisdiction, your honor. Are there five claims? I'm not sure of the exact number of claims. And only one of them is against ATS, right? Well, there's declaratory relief, there's injunctive relief, there's the improper delegation, there's the yellow light interval. You're talking relief now as opposed to claims. In the legal cause of action claim, assertion of why this is wrong before we get to what we want you to do with it, there are multiple claims, all of which are against the city, only one of which is against ATS. Is that correct? No, I do not think that is correct, your honor. I believe that all of the assertions and all of the claims are made against both defendants with the exception of the relief for money. I mean, there are a number of allegations in the complaint where they only address the city of Montgomery, but many of the allegations also address both defendants and many of the allegations talk about ATS's role as a relief. I'm not talking allegations, I'm talking claims. And I thought the only claim against ATS was the yellow light duration claim. That is a specific claim against ATS as it relates to the yellow light interval claim, yes, your honor. And the city. And that is also against the city, your honor. But if, let's say, four of the claims or let's say five of the claims are against the city and only one of the claims is against ATS, that would be a factor we'd consider in determining whether ATS is a primary defendant, isn't it? I think it could be a factor in considering that, your honor, but I think the primary factor in considering this under the relevant jurisprudence, and I'd like to point the court to the Kearns decision out of the Northern District of California, which cites the PASA decision out of Rhode Island, which focuses on the only other federal statute which attempts to define who or what a primary defendant is, is the multi-party, multi-forum, multi-jurisdictional act. And in the PASA case, the court specifically said in trying to figure out who or what the primary defendant is, you look at who has been sued directly. So the fact that there is no contribution sought here, the fact that there is no indemnification sought here, ATS is a primary defendant. Whether or not the city of Montgomery may have more allegations against it for purposes of the claims filed in the original and amended complaint is not determinative as a matter of law under the relevant case law here, and in fact, a Middle District decision, Middle District of Alabama decision from 2011, the Adams case, the court specifically talks about the fact that the complaint disperses light equally on all defendants. Both defendants are in this suit. The plaintiffs are going after both defendants. The only substantive difference relates to the fact that the plaintiffs are seeking monetary damages specifically only against the city of Montgomery, but they go after both defendants. They seek attorney's fees and costs from both defendants. They seek declaratory and injunctive relief against both defendants, and I believe under the analysis by the Senate Judiciary Committee report, as well as the district court decisions in Moreno, Brooke, the 3rd Circuit, and Vodenovich, that makes clear that ATS is a direct defendant, Your Honor, and in fact, in the Moreno decision, the court even found that successors in interest to Countrywide were primary defendants, even though they were only successors in interest. Again, the whole point is to define broadly and not narrowly, Your Honor. I see that my time is up, and I reserve the rest of my time for rebuttal. Thank you, Counsel. Thank you, Your Honor. Mr. Fuller. Please, Court. Good morning. My name is Doyle Fuller, along with Susan Copeland, and we represent the plaintiffs in this case. My remarks will be brief, and I want to preface those by one little observation that the court will bear with me. I've been practicing law 45 years. I'm in an active litigation practice. I can't tell you how many arguments I've had, either at the appellate level or motions at the trial level, hundreds, if not thousands of them, but I'm going to say something to this court this morning in all those cases I've never said before, and that is I don't care what the outcome of this case is. I don't care which court I'm in. I assume then you won't be taking up our time. Just a few minutes, Judge. I really, I've said to the trial court. You care a few minutes worth? I'm sorry, Judge. You care a few minutes worth? Yes, sir. I do. I care a few minutes. Well, I'm glad we're not going to hurt your feelings if we rule against you, but... You won't. You won't. And I want the court to know that. I told the trial court, it's fine with me for this case to stay in federal court. I don't care where it is, but I was asked by the trial court to give her our thoughts on the Class Act and Fairness Act, and we did that. And I had to be candid with that court as I do with this court to tell you that I don't think the court has jurisdiction or should exercise jurisdiction under CAFA. And like you, Judge Rosenbaum, I think the real issue and the real resolution of this case lies under the home state exception. I think under the local controversy exception, it's fairly debatable whether that exception applies or not. But, excuse me, if one looks at the question of who a primary defendant is, I've tried to find a good definition of that, and I haven't had a lot of luck. There's particularly not much in the Eleventh Circuit on that, but I came up with this idea. Actually, standing in the hallway this morning, I think I have the answer. It is an answer. And standing in the hallway earlier, I said to Ms. Copeland, what happens to this case if I stand in front of this panel and say, today, I'm dismissing the claims against ATS? What happens? And then it occurred to me, that may well be the answer to who the primary defendant is. And I asked the court to think about that with me for just a minute. What happens if I dismiss, take a voluntary dismissal against ATS today? And that's the rest of my case. How does that help if you, let's say that you dismissed the other defendant and you just left in ATS? Well, if the court will bear with me, I'll get to that in just a second. That's where I'm headed. If I dismiss ATS today, I've still got a case against the City of Montgomery. It goes forward. All the claims that I've made are still viable against the City of Montgomery. But if I dismiss the City of Montgomery, the whole case is gone. I don't have a case independently against ATS because their liability, as my reading of the Senate committee comments, says their liability is derivative of the City of Montgomery. Without the conduct of the City of Montgomery, there's no claim against ATS. They are simply acting as the agent of the City of Montgomery. Not on the duration of the yellow lights. And Judge, let me apologize to the court at this time. We told the district court that we were just going to abandon that claim and dismiss it. We have never formally done it, but we told the court, we're going to do it. We're going to do it. We're not pursuing that claim anymore. We should have filed something in writing, abandoning that claim before now. But it's gone. No. No, it's not gone. You can't amend. Have you already amended your complaint? I believe you have. I've got a copy of the latest one here. Yeah. You can't do it without permission of the court. Yes, sir. I mean, it's a little bit late to be doing it at the appellate stage. Well. Sorry to mess up a good argument, but. Well, Judge, our intention is not to pursue that claim. And we have said so some time ago in the district court. I know I can't abandon it at this level, but if and when it gets back down there, whether it's in state court or federal court, we're not going to pursue that claim. We are going after the constitutional and statutory validity of the manner in which this ordinance that authorizes these traffic light cameras were adopted. Ms. Bull corrected me and I checked and she is correct. Under the amended complaint, you request relief against ATS on every single one of the counts. We do request injunctive relief. Yes, we've made no monetary claim against them. We have asked that they, as the agent of the city of Montgomery, be enjoined from continuing under their contract with the city to operate these cameras. That is correct. But we've made no claim against ATS that is not dependent upon our claims against the approved liability against the city of Montgomery. There will be no liability by ATS and hence, in my mind, they're not the primary defendant because truth of the matter is, we don't really need them to be able to go forward with this case. And after all these years I've had in this profession, I still learn things every day. I try to learn something every day. What in your view is the purpose of the Homestead Exception? What's the purpose of the Homestead Exception? I think it's to get back to the original purpose of CAFA to start with. And that is, it was designed to address class actions that are of national significance. And the Homestead Exception is just one other way of saying, if it is a purely local matter, covered by local law, involved with a plaintiff, a plaintiff's class of mostly local people and the real defendant, the target primary defendant is a local defendant, then it ought to stay in state court. And I think that's the very purpose. You know, if I may, on the question of whether this case has any national significance, just out of curiosity, I looked at the city of Montgomery, where clearly this case will impact only the city of Montgomery. How significant is that on a national basis, I ask myself? The city of Montgomery has 156 square miles. How significant is the proliferation of these packages that are sold to cities whereby a company comes in and put the cameras up, generate, it's very, very appealing because it's, we're going to generate a lot of revenue for you. And also, this is going to provide a safe environment. Nevermind that there is an offset of incidents when you put those cameras out there, people suddenly, the actual record under those, it's mixed, to say the least. But the point is that if we're going to talk about national interest, there's a lot of interest beyond the state of Alabama and in general about this phenomenon. Not this particular company that has a lot of these things, they're litigated on a lot of these things. And they're controversial in any city, in fact, they've been in a while. So, there is a controversy that transcends that, what do you say to that? Well, Judge, I say this controversy that we're here about today, this controversy involves not whether red light cameras are desirable, whether or not they're effective, whether they're legal or not. It's about whether this scheme, as adopted in Montgomery, Alabama, complies with Alabama law in the way it was implemented and the way it is conducted. That is a local controversy. It does not impact what ATS can do in Texas and New York and Florida and the other 49 states, the other major cities in this country. It doesn't even impact what ATS can do in other cities in Alabama. It just impacts Montgomery. And that being the case, I don't think the federal courts should exercise jurisdiction on the capital. But maybe I used a poor choice of words when I said I don't care. By that, I mean it doesn't matter to me which court has it. If I use the wrong words, I apologize for that. But... Would it matter to the Congress? Yes, sir. And that's fine. If this court decides that this case should be in federal court, that's going to be fine with me. I filed this lawsuit nearly two years ago. And we haven't even gotten far enough along to get an answer filed yet. We've been jockeying around about which court is supposed to have this case. And all I want is a court that has jurisdiction that can adjudicate my case for me. That's all I want. And wherever this court decides that this case ought to fall is fine with me. Thank you for your time. Any further questions? No. I will be observed. My colleague reminded me that your brief remarks took 11 and a half minutes. That's pretty brief for me, Judge. Yeah, I know. I know. And we are grateful. Ms. Ball. Thank you, Your Honor, and I'll be brief. First of all, we will happily accept a voluntary dismissal of all claims against ATS by the Fuller's comments. Second of all, Your Honor, the case law is abundantly clear that there can be more than one primary defendant. There is absolutely no limitation in the statute, no limitation in the Senate committee report, and no limitation in the case law that there can only be one primary defendant. Third of all, Your Honor, in response to Mr. Fuller's comments, the liability or potential liability against ATS is not derivative. It is very direct. It's not vicarious. It's not secondary. They're not seeking contribution. They're not seeking indemnification. They're seeking declaratory relief. They are seeking injunctive relief. They are seeking attorney's fees and costs. They made very specific assertions against ATS. ATS is a primary defendant as that term is defined under the relevant case law. Fourth, Your Honor, in response to your questions concerning the fact that they want monetary damages against the City of Montgomery, but seek injunctive declaratory relief as well as attorney's fees and costs against ATS, we cited cases in there in which there were medical monitoring claims, and you can still be a primary defendant if there is not monetary relief sought against you. Fifth, Your Honor, as it relates to Mr. Fuller's comments about this being simply a local controversy that only implicates or involves the state of Alabama, Your Honor, we believe that we've outlined in our briefs that this case has interstate implications. The main plaintiffs are citizens of Alabama. The class includes citizens from other states. ATS is incorporated in Kansas with its principal place of business in Arizona. It does business all around the country, and ATS has been sued in other class actions in other states with plaintiffs asserting the same or similar factual allegations. This was brought up in a sua sponte way by the court. In fact, in issuing the order, the district court only focused on local controversy, did not focus on home state exception. If I can finish, Your Honors, however, since CAFA favors federal jurisdiction over class actions, the exceptions are narrow, all doubts are to be resolved in favor of federal jurisdiction, and the plaintiffs failed to satisfy their burden in meeting the local controversy exception and the home state exception. We respectfully request that the court's remand order be reversed by this honorable court. Okay, y'all hang on, hang on just a moment. I don't think we have time to go through the rest of it. Do we have some clarification or something? No, we could. We could. I don't think we're keeping that close when we're voting. But if the remand was to be expired, I think Your Honors, that's fine as far as regardless, but it wouldn't fool me. Yes, I think that makes sense. I kind of scoffed at Mr. Fuller's offer to stipulate the dismissal of ATS. And then you said, fine with you. That's two offers. With two offers, you can sometimes get a contract. Are y'all, let me tell you what I'm thinking. If you're both serious about that, we got plenty to do. If you're both serious about not having ATS in the lawsuit, that moots this appeal. The mechanism we would provide would be to retain jurisdiction of remand for the limited purpose of allowing you to dismiss, stipulate to the dismissal. You would have to go along with it since they've amended the complaint once. Ask the district court to dismiss ATS, which I'm sure the district court would be happy to do, and then remand the case to state court. Now, if y'all aren't serious about that, you just caught up in the excitement of the moment, we'll go on and we'll give you a decision. But I'm asking, do you want to pursue that? If I may, Your Honor, I think I'm inclined to do that. I hadn't thought about it. Well, we'll do this. Today's Tuesday. Y'all let us know by Thursday if you're willing and stipulate that we should and agree that we should retain jurisdiction over the appeal in case it falls apart on remand. But remand for the limited purpose of allowing the district court to rule on a stipulation to dismiss ATS. And the understanding that will amount to the district court remand will be affirmed and so forth. Well, Your Honor, just to make clear, because Mr. Poundstone is here on behalf of the city of Montgomery, and I was arguing on behalf of both appellants. So when I did make the comment as it related to the dismissal of ATS, I clearly was only speaking on behalf of ATS. But we are certainly happy to speak with Mr. Fuller about a full and complete dismissal of ATS from this lawsuit, Your Honor. Being you and Mr. Poundstone. We being you and the city's attorney. I mean, he'd have to stipulate to the amendment of the complaint as well. And I don't want y'all to stipulate right here. Yes, Your Honor. Thursday at noon or so. If you need more time, just let us know. Yes, Your Honor. And if that doesn't work, that's fine. Not going to hurt our feelings. We'll decide the case. Thank you, Your Honor. We'll take this and other cases under submission and adjourn until recess until tomorrow morning. Thank you, Your Honor.